Kern v. Stushel.

---

IDA HENRIETTA CHARLOTTE KERN, Appellant, v. EMMA MARIA CHARLOTTE OLGA STUSHEL et al., Respondents.

St. Louis Court of Appeals, March 21, 1911.

WILLS: Construction: Cancellation of Debt. Testatrix, having a life estate only in an indebtedness owing by her daughter and her daughter's husband to testatrix's husband, then deceased, executed a will providing that her daughter should in no wise. be held liable for any money loaned to her and her husband by testatrix's husband, but that any such claim against her remaining unpaid at the time of testatrix's death should be cancelled and held null and void. In an action to construe the will, *held*, that the word "cancelled" and the words "null and void" exclude the idea of payment, and hence, testatrix having no power to dispose of the remainder, the legacy failed, at least as to the principal of the debt.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow, Judge.*

AFFIRMED.

*S. T. G. Smith* for appellant.

(1) In the construction of testamentary dispositions where the language is unskilled or inaccurate, but the intent can be clearly gathered from the writing, it is the duty of the Court to give that intent effect. Masterson v. Townsend, 123 N. Y. 458; Metcalf v. Framingham, 128 Mass. 370; *Ex parte* Wynch, 5 De. G. & M. & G. 188. (2) The word cancel means pay. Bank v. Leonard, 40 Barber, 119. (3) Where words, although inaccurate or unskilled, are used in the will, if, after reading the will it is apparent the testator intended by those words that someone should be the beneficiary of the testator's bounty, *it is the duty of the Court to carry out such intent and carry those words into effect.* Burt v. Herron, 66 Pa. St. 400; Loring v. Summer, 23 Pick. 98.

*Julius T. Muench* for respondents.

(1) To constitute a devise by implication, the inference of an intention on the part of the testator to create such devise must be a necessary one, not merely a possible one. Hurlbut v. Hutton, 42 N. J. Eq. 28; Denise's Exrs. v. Denise, 37 N. J. Eq. 170; McCoury's Exrs. v. Leek, 14 N. J. Eq 70; Bond v. Moore, 236 Ill. 576; Connor v. Gardner, 230 Ill. 258; Barlow v. Barnard, 59 N. J. Eq. 620; Rood on Wills, Sec. 495; Underhill on Wills, sec. 463, *et seq.* (2) A strained construction should not be adopted, but the language used should be read with a view to determining the testator's evident intention, considering all the surrounding circumstances. Adams v. Adams, 1 Hare 537; Circuit v. Perry, 23 Beav. 275; Clamorgan v. Lane, 9

Mo. 446; Pease v. Pilot Knob Iron Co., 49 Mo. 124; Cosgrove Exr. v. Cosgrove, 69 Conn. 416; Brown v. Gibson's Exr., 59 S. E. 384; Roth v. Rauschenbusch, 173 Mo. 582; Nichols v. Boswell, 103 Mo. 151. (3) The word "cancel" does not mean "pay" in the sense of creating a legacy in the sum of the obligation erroneously directed to be cancelled. Brown v. Gibson's Exr., 59 S. E. 384.

STATEMENT.—This is a suit to construe the will of Anna Maria Charlotte Stushel, a widow, who died in the City of St. Louis, on April 7th, 1906, at the age of eighty-one years, having made her will only sixteen days before. The part of the will in controversy is paragraph four, as follows:

"4. I hereby direct that my daughter, Ida Henrietta Charlotte Kern, nee Stushel, shall in no wise be held liable for any money loaned to her and her husband by my husband, Henry William Stushel, now deceased, some years ago, but that any such claim against my daughter remaining unpaid at the time of my death, be cancelled and null and void."

Plaintiff is the daughter mentioned in paragraph four. It appears from the evidence that all the money loaned to the plaintiff and her husband by Henry William Stushel, and the interest thereon, were represented by a principal note for two thousand dollars, dated October 1, 1897, and the semi-annual interest notes for the sum of fifty dollars each. These notes had been made by the plaintiff and her husband to Henry William Stushel and formed the sole asset of the latter's estate when he died in 1897. The loan they represented was very evidently the one contemplated by the provisions of paragraph four. But the testatrix, Anna Maria Charlotte Stushel, had no estate in said principal note or the loan represented thereby, which she might dispose of by will. Her husband had died testate and bequeathed her only a life estate therein; so that when

she died, the remaindermen, being three of her children, including the plaintiff, were entitled to said two thousand dollars and she, the testatrix, was entitled to dispose of only the accrued and unpaid interest thereon. After the death of the testatrix the plaintiff was compelled to pay to her co-remaindermen their share, two-thirds, of said two thousand dollars, and interest since the death of the testatrix, and she claims that by the provisions of paragraph four she is entitled to be reimbursed the amount of said two-thirds out of the estate of the testatrix and that it is the duty of the executors to pay that amount to her. Defendants on the other hand claim that the testatrix by paragraph four did not intend to release plaintiff from the principal note to which the testatrix had no claim, but intended by said paragraph to release plaintiff merely from the payment of the accrued and unpaid interest to which testatrix was entitled.

We may add to the foregoing that the estate of the testatrix, treating all assets as good, was worth $5331.93, while all the legacies, excluding whatever was given by paragraph four and by the residuary clause, aggregated in amount $4400.00. The decree of the trial court adopted the construction of the will insisted on by the defendant and the plaintiff has appealed.

CAULFIELD, J. (after stating the facts).—We have no hesitation in affirming the decree of the trial court. While our conclusion as to the intent of the testatrix is different, we arrive at the same result as did the trial court. We are convinced that in framing the provisions of paragraph four the testatrix and her scrivener assumed that she was the absolute and present owner of the principal note. The language used is consistent only with the assertion of present absolute proprietory dominion. Her direction, addressed to her executors, that the plaintiff should "in no wise be held liable' " was meaningless without testatrix thought they

Kern v. Stushel.

had the power to hold her daughter liable and might exercise it unless directed not to do so. At least that is so in the absence of words which might be construed into a direction to *pay* the amount of her daughter's indebtedness to whomsoever might be the owner of it. But no words of payment are used. The language which follows is, "that any such claim against my daughter remaining unpaid at the time of my death be cancelled and null and void." These are not words one uses in a direction to pay. "The word 'cancel' excludes the idea of payment; cancellation being the forgiving and obliteration of a debt. It not only is in no sense a payment, but it is the very thing that makes the payment unnecessary and impossible." [Brown v. Gibson's Ex'r, 59 S. E. 384 (Va.).] The same may be said of the words "null" and "void." And we see no reason for not giving to the words their proper meaning. There is no indication, as defendant suggests, that the language used is unskilled or inaccurate. On the contrary, we have been impressed that the will, which for the sake of brevity we have omitted to set out in full, was drawn by one skilled in the choice and meaning of words; one whom, had he intended to indite a direction to pay, would have done so in apt and forceful language of payment, and not in the entirely different language of forgiveness and cancellation. It is plain that the paragraph assumes absolute ownership in the testatrix and discloses an intent to forgive and not to pay the debt of the plaintiff. This construction is borne out by the fact that it is only by assuming that the two thousand dollar indebtedness of the plaintiff belonged to the testatrix that the estate can be thought sufficient to pay the legacies provided for and to forgive said indebtedness. The will was made only sixteen days before the death of the testatrix. It is not to be assumed that she sought to give more than she thought she had. It is more probable that, being old in years and having

had possession of the debt and the right to the interest from it for nine years, she thought she owned it, and made her will accordingly.

The forgiveness of this debt was in the nature of a specific legacy. The testatrix not owning it and not having the power to forgive it, the legacy failed, at least as to so much thereof as she did not own, the principal.

There still remains the question whether the language of paragraph four is broad enough to forgive the interest accrued and unpaid at the time of the death of the testatrix, but we need not concern ourselves with that. In their pleadings the parties have agreed that it is and the trial court has so decreed. As the decree of the trial court denies the right of the plaintiff to be reimbursed out of the estate of the testatrix for payments made by the plaintiff in satisfaction of the principal of the two thousand dollar note and interest thereon since the death of the testatrix, it is in effect in accordance with this opinion and is therefore affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.